IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD DENITHORNE, JR.** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 15-5220 |
| | : | |
| **JEFFREY INGEMIE, et al.,** | : | |
| Defendants. | : | |

## M E M O R A N D U M

**Stengel, J.**                                                                                     February 24, 2016

      This is a Section 1983 suit with pendent state tort claims that was commenced after the Plaintiff suffered injuries during his arrest and incarceration. Defendant Wigginton now moves to dismiss the Plaintiff's claims against her under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. No. 15. For the following reasons, I will grant in part and deny in part Defendant Wigginton's Motion to Dismiss.

      **I.   BACKGROUND**

      Plaintiff has brought this Section 1983 suit to recover for injuries sustained during his arrest and incarceration after an alleged domestic dispute between himself and Defendant Wigginton that occurred on February 21, 2015. See generally Compl. In his Complaint, the Plaintiff alleges that he and Defendant Wigginton were involved in a confrontation during which Defendant Wigginton broke the Plaintiff's nose. See id. at ¶ 8. As a result of this confrontation and his subsequent arrest, the Plaintiff has alleged three causes of action against Defendant Wigginton: (1) a claim under Section 1983, that alleges Defendant Wigginton acted together with Defendant Police Officer Chieffo "under color of state law to incarcerate plaintiff on the false charge that he [had] assaulted Wigginton without probable cause and for improper motives" (Count II); (2) state tort claims for assault and battery, defamation, malicious prosecution, and

1

intentional infliction of emotional distress (Count IV); and (3) attorneys' fees and costs pursuant to Section 1988 (Count V).  See id. ¶¶ 25–26, 33–37, 38.

## II.     STANDARD

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a motion to dismiss, a federal court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

While a plaintiff need not plead in detail all of the facts upon which he bases his claim, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Conley, 355 U.S. at 47. Thus, the "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 564.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  Instead, the claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Furthermore, a court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION

#### a. Plaintiff's Section 1983 Claims Must Be Dismissed

The Plaintiff's Section 1983 claims against Defendant Wigginton must be dismissed as she was neither a state actor nor acted under the color of state law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988); see also Funayama v. City of Philadelphia, No. 13-CV-2667, 2013 WL 6159279, at *2 (E.D. Pa. Nov. 25, 2013). While a private individual may be liable under Section 1983, such liability requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). "The critical issue is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state." Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir.1984).

Asking the police to investigate, without more, does not create liability under Section 1983. See Dickerson v. DeSimone, CRIM. A. 09–1551, 2011 WL 3273228, *3 (E.D. Pa. Aug.1, 2011) (collecting cases). In order to establish Section 1983 liability of private parties who participate in an allegedly unconstitutional police investigation, the plaintiff must plead the existence of an agreement between police and the private individual, and under the agreement, the police will arrest anyone identified by the individual without evaluating probable cause. See Cruz, 727 F.2d at 81.

Here, the Plaintiff merely alleges that Defendant Wigginton called the Chester County 911 system and falsely stated that the Plaintiff had assaulted her. Compl. ¶ 9. He further alleges that Defendant Wigginton "requested that Defendant Chieffo and other state actors arrest the Plaintiff and charge him with crimes." Id. From this, he concludes that "Defendants Wigginton

3

and Chieffo acted together under color of state law to incarcerate plaintiff on the false charge that he had assaulting Wigginton without probable cause and for improper motives." Id. at ¶ 25. Accepting all of these allegations as true and drawing all reasonable inferences in Plaintiff's favor, I cannot conclude that the Plaintiff has sufficiently alleged that Defendant Wigginton was a state actor.

Furthermore, the Plaintiff makes no allegation that there was an agreement, formal procedure, or working relationship between Defendant Wigginton and Defendant Chieffo or any other state actor. Nor does the Plaintiff claim that police subordinated their judgment to Defendant Wigginton's will. Therefore, the Plaintiff has not sufficiently alleged that Defendant Wigginton acted under color of state law and Count II of the Complaint must be dismissed with prejudice.

### b. Plaintiff's State Tort Claims Against Defendant Wigginton

The Plaintiff also asserts four state law claims against Defendant Wigginton in Count IV of his Complaint: (1) assault and battery; (2) malicious prosecution; (3) defamation; and (4) intentional infliction of emotional distress. See Compl. ¶¶ 33–37. I will discuss each claim below in turn.

### i. Plaintiff's assault and battery claim

To sustain an action for assault under Pennsylvania law, a plaintiff must "show that a particular Defendant intentionally caused an imminent apprehension of a harmful or offensive bodily contact" in the plaintiff. Lakits v. York. 258 F. Supp.2d 401, 407 (E.D. Pa. 2003). To plead a claim for battery, a plaintiff must "establish that a particular Defendant intended to cause a harmful or offensive contact to Plaintiff, or an imminent apprehension of such contact in Plaintiff, and that such contact with Plaintiff resulted." Id.

Here, the Plaintiff provides sufficient facts to support his claims for assault and battery. First, he alleges that he was "seriously injured on February 21, 2016, when he was assaulted in his own home by defendant Wigginton, who, inter alia, broke his nose." Compl. at ¶ 8. He also alleges that "Defendant Wigginton intentionally assaulted and battered plaintiff, causing personal injuries and economic claims set forth above." Id. at ¶ 33. Therefore, I will deny Defendant Wigginton's Motion with regards to the Plaintiff's assault and battery claim.

### ii. Plaintiff's malicious prosecution claim

Plaintiff also has met his burden with regards to his malicious prosecution claim. To prevail on such a claim, a plaintiff must demonstrate that "the defendant[] instituted proceedings against the plaintiff: 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff." Bradley v. Gen. Acc. Ins. Co., 778 A.2d 707, 710 (Pa. Super. Ct. 2001) (citing McKibben v. Schmotzer, 700 A.2d 484, 492 (Pa. Super. Ct. 1997)). When an individual provides false information to a police officer, "an intelligent exercise of the officer's discretion becomes impossible, and the prosecution based upon it is procured by the person giving the false information." Id. (quoting RESTATEMENT 2D OF TORTS § 653, cmt. g) (internal quotation mark omitted). Furthermore,

> to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.

Id. (quoting RESTATEMENT 2D OF TORTS § 653, cmt. g) (internal quotation mark omitted).

Here, the Plaintiff has met his burden under Rule 12(b)(6), with regards to his malicious prosecution claim. The Plaintiff has alleged that Defendant Wigginton made a false report to the Chester County 911 system in which she alleged that the Plaintiff had assaulted her. Compl. at ¶

5

8. The Complaint further states that Defendant Wigginton then "intentionally, falsely and maliciously caused plaintiff to be prosecuted on state criminal charges without probable cause, and for improper purposes, and the proceedings terminated in favor of the plaintiff." Id. at ¶ 34. Because I find that the Plaintiff has met his burden, I will deny Defendant Wigginton's Motion to Dismiss with regards to the Plaintiff's malicious prosecution claim.

### iii. Plaintiff's defamation claim

The Plaintiff must satisfy the following seven elements to establish a defamation claim under Pennsylvania law: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. Connor v. Archdiocese of Philadelphia, 601 Pa. 577, 610, 975 A.2d 1084, 1104 (2009)(citing 42 Pa. C.S. § 8343(a)).

The Plaintiff contends that Defendant Wigginton falsely accused him of assault on three occasions: (1) to the Chester County 911 dispatcher; (2) to Defendant Chieffo in an attempt to obtain the Plaintiff's arrest and prosecution; and (3) during her in-court testimony. See Doc. No. 18 at 12. These statements, however, cannot form the basis of a defamation claim as they are all absolutely privileged. See Pawlowski v. Smorto, 588 A.2d 36, 41–43 (Pa. Super. Ct. 1991) (holding that an absolute privilege covers not only statements that are made during the course of a judicial proceeding, but also covers statements made by private parties who provide "information to the proper authorities in connection with the suspected commission of a crime."). Therefore, I will dismiss the Plaintiff's defamation claim against Defendant Wigginton with prejudice.

### iv. Plaintiff's intentional infliction of emotional distress claim

To recover for the intentional infliction of emotional distress, a plaintiff must demonstrate that the defendant's conduct was: (1) extreme and outrageous; (2) intentional or reckless; and (3) the cause of severe or emotional distress to the plaintiff. Manley v. Fitzgerald, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010). "The [defendant's] conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir.1988); see also Barnett v. Sch. Dist. of Lancaster, No. CIV.A. 14-2414, 2015 WL 1312730, at *13 (E.D. Pa. Mar. 24, 2015). Further, under Pennsylvania law, a plaintiff must demonstrate that he or she suffered "some type of resulting physical harm due to the defendant's outrageous conduct." Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005) (quoting Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122–23 (Pa. Super. Ct. 2004).

Here, the Plaintiff has not met his burden. Specifically, the Plaintiff has not provided any facts in his pleading that he suffered from any resulting physical harm due to the Defendant Wigginton's conduct. Therefore, I will dismiss the Plaintiff's intentional infliction of emotional distress without prejudice.

### c. Plaintiff's Section 1988 Claim is Dismissed with Prejudice

Count V of the Plaintiff's Complaint seeks attorneys' fees and costs from Defendant Wigginton pursuant to Section 1988. See Compl. ¶ 38. Section 1988 provides that a party that prevails in a Section 1983 proceeding may be entitled to attorneys' fees and cost. 42 U.S.C.A. § 1988. Because I have dismissed the Plaintiff's Section 1988 claims with prejudice against Defendant Wigginton, as discussed above, I also will dismiss the Plaintiff's Section 1988 claim against Defendant Wigginton with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, I will grant Defendant Wigginton's Motion to Dismiss with regards to Plaintiff's Section 1983 claims (Count II) with prejudice. Therefore, I also grant Defendant Wigginton's Motion with regards to the Plaintiff's claim for attorneys' fees and costs pursuant to Section 1988 (Count V).

With regards to the Plaintiff's state tort claims for assault and battery, defamation, malicious prosecution, and intentional infliction of emotional distress, all contained in Count IV of his Complaint, I will grant the Defendant's Motion in part and deny the motion in part. As noted above, I will deny the Motion with regards to the Plaintiff's malicious prosecution and assault and battery claims. I will grant the motion, without prejudice, with regards to the Plaintiff's intentional infliction of emotional distress claim. Because Defendant Wigginton's statements to police in an attempt to initiate a criminal proceeding—i.e., to report a crime—were absolutely privileged, I will grant her Motion with regards to the Plaintiff's defamation claim with prejudice.

An appropriate order follows.